# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DERYCK LONG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 17-12064-FDS |
| | ) | |
| SEAN MEDEIROS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

This is a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Deryck Long was convicted of first-degree murder and illegal possession of a firearm. The Court has denied his petition for a writ of habeas corpus. He can only appeal that denial if he receives a certificate of appealability. For the following reasons, the Court will certify the appealability of this denial only as to Long's Sixth Amendment claim.

A certificate of appealability will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). That standard must be independently satisfied as to "each and every issue raised by a habeas petitioner." *See Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999).

The Court concludes that jurists of reason could disagree as to whether Long's counsel

rendered ineffective assistance in violation of the Sixth Amendment by failing to introduce CSLI data to discredit Forde, a witness who provided critical testimony for the Commonwealth, and by failing to investigate that data sufficiently.  The relevant standard is not, however, satisfied as to his claim under the Fourth Amendment that Forde's testimony should have been suppressed because it was insufficiently attenuated from the illegal wiretap.

Accordingly, a certificate of appealability is GRANTED only as to Long's claim that his counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to introduce CSLI data to discredit Forde, and by failing to investigate that data sufficiently.
**So Ordered.**

Dated:  July 2, 2019

/s/  F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge